IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JLT501C3.CO,

    Plaintiff,

v.                                                               CIVIL ACTION NO. 2:25-cv-00118

WEST VIRGINIA STATE AUDITOR'S
OFFICE, et al.,

    Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons set forth herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

**I.    BACKGROUND**

    Plaintiff JLT501C3.CO ("Plaintiff"), proceeding pro se, filed a *Complaint* (ECF No. 2) as well as an *Application to Proceed Without Prepayment of Fees and Costs* (ECF No. 1) on February 24, 2025. Plaintiff identifies itself in the *Complaint* as a "West Virginia Tax Exempt Organization." (See ECF No. 2). The undersigned takes judicial notice that Plaintiff is registered with the West Virginia Secretary of State as a 501(c)(3) corporation.

In the *Complaint*, Plaintiff alleges that its "real estate assets were stolen, by Defendants," who allegedly "conspired together to deprive Plaintiff of past, present and future enjoyment" of certain real-estate parcels "without the benefit of legal due process[.]" *Id.* at 5. Plaintiff seeks injunctive relief in the form of a cease-and-desist order prohibiting "any further Transfers-completed/planned, Development and Improvement of" the real property at issue, as well as a mandatory injunction requiring that the parcels of real property "be Returned to JLT501C3.CO., a WV Exempt Corp., with Clear and Free Titles….Immediately." *Id.*

On February 26, 2025, the undersigned entered an *Order* denying Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* and requiring Plaintiff "to pay the applicable filing fee and other fees in the amount of $405.00 to the Clerk of the United States District Court, Southern District of West Virginia, within thirty (30) days from the date of entry of this Order, which is Friday, March 28, 2025[.]" (ECF No. 4 at 2). Additionally, the undersigned's *Order* required Plaintiff "to secure new counsel and direct counsel to enter an appearance on the record in this matter" by that same date. *Id.* The undersigned's *Order* expressly notified Plaintiff "that failure to comply with the directives of this Order **WILL** result in a recommendation of dismissal of this action." *Id.* The undersigned directed the Clerk of Court to transmit a copy of the *Order* to Plaintiff "by certified mail, return receipt requested." *Id.* The U.S. Postal Service transmitted proof of delivery indicating that the *Order* was delivered to Plaintiff on February 28, 2025. (*See* ECF No. 5). To date, however, Plaintiff has not complied with the undersigned's *Order*; nor has Plaintiff contacted the Court or otherwise taken any other action in furtherance of this civil action.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure expressly authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, it is well-established that "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Id.*

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*,

882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth Circuit has explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]); *see also Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (applying *Graves* and dismissing a civil action pursuant to Rule 41(b) due to Plaintiff's failure to prosecute).

### III.   DISCUSSION

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Plaintiff has failed to comply with the Court's *Order*—and has failed to prosecute its claim—despite being expressly warned that such inaction would result in the undersigned's recommendation that this matter be dismissed.

The first factor—the degree of personal responsibility—weighs in favor of dismissal. The lack of forward progress in this matter is attributable solely to the Plaintiff's own conduct, in failing to pay the statutorily-required filing fee and failing to retain counsel. As the undersigned previously explained to Plaintiff, "it is well-established that corporations must appear in federal courts only through licensed counsel." (ECF No. 4) (citing *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022)). Furthermore,

4

the U.S. Supreme Court has expressly held that "artificial entities" such as the Plaintiff do not qualify "for treatment *in forma pauperis* under 28 U.S.C. § 1915." (*Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993)). In other words, "for Plaintiff to proceed in this matter, it must pay the [statutory] filing fee" and court costs—and must retain counsel. *Field v. Emove*, 1:14-cv-154, 2014 WL 6452639, at *1 (N.D. W. Va. Nov. 17, 2014), *adopted*, 2015 WL 2194186 (N.D. W. Va. May 11, 2015); *Rowland*, 506 U.S. at 201-202 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). *See also Forth Foods, Inc. v. Allied Adm'r, Inc.*, 3:07-cv-670, 2008 WL 88610, at *2 (S.D. W. Va. Jan. 7, 2008); Loc. R. Civ. P. 83.3. Thus, responsibility for moving the case forward sat squarely in the Plaintiff's hands, and—by failing to comply with the undersigned's *Order*—Plaintiff has therefore failed to proceed in this matter.

Plaintiff's failure to comply with this Court order—along with his failure to seek relief from the Court's directive, or to otherwise communicate any intent to further prosecute this matter—renders Plaintiff personally responsible for the lack of forward progress in this matter. *See Favors v. Hickey*, 1:05-cv-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006) (finding plaintiff's inaction to be the sole cause of four-month delay in proceedings, weighing in favor of dismissal under the first *Hillig* factor).

The second *Hillig* factor—the amount of prejudice caused to the defendant—does not weigh heavily in favor of dismissal, as Defendants have not entered an appearance at this early stage of the proceedings.

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—favors dismissal, for the same reasons set forth *supra* with respect to the first

*Hillig* factor. Plaintiff ignored the undersigned's March 28, 2025 deadline to comply. Plaintiff further failed to request an extension of time to do so and failed to otherwise seek relief from the requirements of the undersigned's *Order and Notice*. Indeed, Plaintiff has not taken any meaningful steps to move this case forward since filing the *Complaint* on February 24, 2025. (*See* ECF No. 2).

The fourth and final *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiff has already chosen to ignore the express warning in the undersigned's February 26, 2025 *Order*—that its failure to comply would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed. (ECF No. 4). Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiff "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 F. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because Plaintiff has not attempted to rectify or otherwise explain its noncompliance. In light of the record evidence that Plaintiff received service of the undersigned's *Order*, the undersigned **FINDS** that the record indicates Plaintiff has ignored the Court's express warning that its noncompliance and continued inaction would result in dismissal.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule 41(b).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

    ENTERED: April 1, 2025

    _____
    Dwane L. Tinsley
    United States Magistrate Judge